Carr, J.
I think the objection to the admission of the record of the suit in the county court in evidence here, was very properly overruled. The record in that suit was counted upon in the declaration, and shewn to the court, and the defendant’s only plea was covenants performed. The defendant covenanted to pay the plaintiff such sum, not exceeding 195 dollars, as he should be made liable to pay as partner of J). Stephenson &f Co. or as D. Stephenson should be found indebted to that concern, on a full settlement of the partnership affairs. Surely, there could be no better way of ascertaining the facts, than by a settlement of the partnership affairs in a regular suit in chancery between the partners and their representatives. If the defendant could have impeached the proceedings and decree upon the ground of collusion and fraud, and had pleaded that matter, the case would have been different; but as the only issue was upon the plea of covenants performed, I think the opinions of the court were right upon all the points. I think the decree should be affirmed.
*113 Brockenbrotjgh and Brooke, J. concurred.
Tucker, P.
The true interpretation of this contract is, that Beeson would pay to John Stephenson any sum, not exceeding 195 dollars, for which Stephenson should be made liable as the partner of the firm of David Stephenson Sf Co. or which should be found due and owing to the company by David Stephenson. In a suit upon this bond, it behoved Stephenson to prove his liability for the sum demanded, or that such sum was duo and owing to the company from David. These facts might have been established by evidence of witnesses, and an investigation, in this case, of the partnership concerns. But they may be not less established by other means. Thus, the copy of a judgment against Stephenson, as surviving partner of the house, would not only have been proper evidence against Beeson, of the fact of his liability for the sum so recovered, but it would have been conclusive against him, unless he could have impeached it for fraud and collusion. It would have been similar, in principle, to Buford v. Buford, 4 Munf. 241. where the plaintiff, being a co-surety in Kentucky with Henry Buford for James Buford, in a bond to Talbott, was permitted to introduce as evidence of his demand, the judgment upon the bond, rendered against himself in the courts of Kentucky. This court held the record of the judgment to be conclusive evidence of the amount recovered, and of the amount the plaintiff was compellable to pay; and most justly: for die question as between the parties, was not whether the amount was justly due to Talbott, but whether the surety had been compelled to pay it, without fraud and collusion on his part; because if he had been, he was entitled to recover from the principal, or in case of his insolvency, he was entitled to contribution from the co-surety. The like principle applies, I think, in reference to the construction of this contract that Beeson should *114 pay such sum as should be found due and owing by J)avid Stephenson. How found ? If a suit instituted for the purpose of settling the partnership accounts, and eventuating in a decree against David Stephenson ^01' the balance due from him to the firm, is not evidence and conclusive evidence (unless there was fraud and collusion) of what was really due, I am at a loss to conceive what would be satisfactory to the defendant. I am inclined to think, that a settlement in pais, if free from the suspicion of fraud and collusion, would have been evidence, since the condition of the bond obviously refers to a settlement of the partnership, on which settlement the balance due would be found. This settlement could only have been made between the partners, and when made would seem to have been all that was necessary or required by the bond of indemnity, for ascertaining Beeson’s responsibility. But be this as it may, I cannot doubt that a decree of a court of equity ascertaining the balance due, is and ought to be conclusive evidence against Beeson, that the sum decreed was found due to the firm. It might indeed have been assailed for fraud or collusion, but not for any supposed errors, or because it was founded on the admissions of the parties, who cannot be presumed to have admitted more than was just.
With respect to the second bill of exceptions, the opinion of the court was clearly right. And as to the third, a sufficient answer was given at the bar—that the evidence did not go to establish fraud or collusion; and if it did, it was not admissible because there was no such allegation in the pleadings.
Judgment affirmed.